## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Noe Maldonado, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| Taco Madre Geneva, Inc., Taco Madre, Inc., Taco Madre Naperville, Inc., and Israel Garcia, | ) ) ) ) ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Noe Maldonado ("Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Defendants Taco Madre Geneva, Inc., Taco Madre, Inc., Taco Madre Naperville, Inc., and Israel Garcia (individually "Garcia") (collectively referred as the "Defendants") states as follows:

## Nature of the Action

1.      This civil action is brought by the above-named plaintiff. Plaintiff brings this collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b). The Plaintiff also brings individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. and the Illinois Wage Payment and Collection Act, 820 ILCS 115 ("IWPCA"); breach of contract, unjust enrichment, and promissory estoppel.

**Parties**

2.      Plaintiff worked as a chef for Taco Madre.  His primary duties were prepping food and cooking food orders.

3.      Defendant is an Illinois corporation owning and operating various restaurants in the Chicago suburbs.

4.      Defendant Israel Garcia is an owner of Taco Madre and upon information and belief oversaw and instituted the illegal pay practice alleged herein.

5.      Defendants are the Plaintiffs' "employer" as that term is defined by the FLSA 29 U.S.C. § 203(d).

6.      Defendants are the Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c)

7.      Plaintiffs were Defendants' "employee" as that term is defined by the FLSA 29 U.S.C. §203(e)(1).

8.      Plaintiff was Defendants' "employee" as that term is defined by the IMWL 820 ILCS 105/3(d).

**Jurisdiction and Venue**

9.      Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

10.      Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Factual Allegations**

11.      Plaintiff worked for Defendants within the past 3 years.  Specifically, Plaintiff began working for Defendants in 2016.

12.     Defendants did not pay Plaintiff and other similarly situated employees for proper overtime wages of one and one-half time his regular rate of pay for all hours worked above 40 hours in a workweek.

13.     By way of example, Defendants did not pay Plaintiff and other similarly situated employees one and one-half times his full regular rate of pay for all hours worked in excess of forty in an individual workweek.

14.     Plaintiff was working a substantial amount of overtime but was not getting paid for it.

15.     Plaintiff typically worked between 60-72 hours per week.

16.     Beginning around December 2018 certain overtime hours were paid, but the Defendant failed to pay for all hours worked over forty in a workweek at one and one-half times his regular rate of pay.

17.     Plaintiff was not paid for all the overtime hours worked as the Department of Labor and the law require.

18.     Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

19.     Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages.

20.     Throughout his employment, Plaintiff worked at all five of Defendants' Taco Madre locations, including Montgomery, Naperville, North Aurora, Saint Charles, and Geneva.

21.     Most recently, Plaintiff was working in the Defendants' Naperville location from December 2018 to August 2019.

22.     Plaintiff was not exempt from the overtime provisions of the FLSA.

23. Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

25. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

26. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

27. Plaintiffs and asserted members of the collective are similarly situated because, inter alia, they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies

28. Defendants have encouraged, permitted, and required the Class to work without required full overtime compensation of one and one-half times the normal wages.

29. Defendants have known that Plaintiffs and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendants have operated under

a scheme to deny the Plaintiffs and the Class required compensation of one and one-half time normal wages for all work in excess of 40 hours of the FLSA Class.

30.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA class.

31.     There are estimated to be over 20 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

32.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

33.     Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation.  Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective.

## INDIVIDUAL ACTION ALLEGATIONS

34.     On or around February 2017, Mr. Garcia asked Plaintiff for money to be part owner of the Defendants' newest location in Geneva, Illinois.

35.     Mr. Garcia told Plaintiff that as part owner he would be entitled to 10% of the restaurant's profits.

36.    On November 20, 2017, Plaintiff paid Mr. Garcia $10,000 to be part owner of Taco Madre in Geneva. Plaintiff paid Mr. Garcia with a check made out to Taco Madre Geneva. A copy of the cashier's check is attached hereto as Exhibit "A."

37.    The Geneva Taco Madre opened in March 2018.

38.    Plaintiff solely received profits from the restaurant twice, in April and May 2018.

39.    After May 2018, Defendants refused to pay Plaintiff any profits and refused to let him look at the Geneva Taco Madre's financials.

40.    In December 2018, Plaintiff was moved to the Defendants' Naperville location.

41.    On or around August 24, 2019, Plaintiff complained to Mr. Garcia about working conditions and mistreatment by the General Manager, Daniel Angula.

42.    On August 27, 2019, Plaintiff was terminated by Defendants.

43.    After being terminated, Defendants never refunded Plaintiff his $10,000 or gave him any additional profits.

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All Similarly**
**Situated Employees Pursuant to 29 U.S.C. §216)**

44.    Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

45.    Under the Fair Labor Standards Act ("FLSA"), Plaintiff and the FLSA Class were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

46.    The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

47.     Defendants failed to compensate the FLSA Class at the overtime rate for all work performed in excess of 40 hours per week in violation of the FLSA.

48.     Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

49.     Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants his unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A.     Unpaid Compensation and Overtime;

B.     An additional amount equal as liquidated damages;

C.     Prejudgment interest; and

D.     Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually)

50.     Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

51.     This count arises from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*.

52.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

53.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

54.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

55.     As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief:

A.      A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

B.      A declaratory judgment that Defendants' violations of the IMWL were willful;

C.      A judgment to Plaintiff in the amount of unpaid wages;

D.      A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

E.      A judgment to Plaintiff of reasonable attorneys' fees and costs incurred in filing this action; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT.
### (Plaintiff Individually)

56.     Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

57.     This count arises from Defendants' violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115.

58.     820 ILCS §115/4 provides in part that"[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

59.     Plaintiff has not been paid for all of his wages, as Defendants have not paid Plaintiff all of his earned overtime.

60.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

61.     820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees.

WHEREFORE, Plaintiff requests the following relief:

A.     A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff;

B.     A declaratory judgment that Defendants' violations of the IWPCA were willful;

C.     A judgment to Plaintiff in the amount of unpaid wages;

D.     A judgment to Plaintiff of punitive damages as provided by IWPCA;

E.     A judgment to Plaintiff of reasonable attorneys' fees;

F.     Costs incurred in filing this action; and

G.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## BREACH OF CONTRACT

62.      Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

63.      On or around February 2017, Mr. Garcia offered Plaintiff partnership in the Geneva Taco Madre location if he invested $10,000 and in exchange, Defendants would pay Plaintiff 10% of the Geneva Taco Madre's monthly profits.

64.      Plaintiff accepted Mr. Garcia's offer and on November 20, 2017, entered into agreement and gave Mr. Garcia a cashier's check for $10,000.

65.      Immediately after giving Mr. Garcia the money, Plaintiff asked him for a written agreement conveying the terms of the partnership.

66.      Mr. Garcia refused to give him an agreement and convinced Plaintiff that the agreement was all set.

67.      In March 2018, Defendants opened the Geneva Taco Madre location.

68.      Plaintiff started working as a chef at the Geneva Taco Madre location in March 2018.

69.      Despite being part owner, Plaintiff had no decision-making authority over any important matters. His primary duties were still prepping food and cooking food orders.

70.      In April 2018 and May 2018, Mr. Garcia paid Plaintiff between $500 to $700 from the profits that the Geneva restaurant had made the previous month.

71.      Starting in June 2018, Plaintiff asked Defendants about his share of profits and Defendants refused to pay him.

72.     Defendants failed to act as agreed and continue to fail to give Plaintiff monthly profits.

73.     Such failure to act constitutes as a breach of the November 20, 2017 agreement.

74.      Plaintiff has suffered damages as a result of Defendants' breach.

75.     Plaintiff is entitled to recover actual damages, punitive damages as determined by the Court, the costs of suit and reasonable attorneys' fees.

WHEREFORE, Plaintiff requests the following relief:

A.      A judgment in Plaintiff's favor and against Defendants in the amount of $10,000, plus unpaid profits to be proven at trial plus interest;

B.      A judgment to Plaintiff of punitive damages;

C.      A judgment to Plaintiff of reasonable attorneys' fees;

D.      Costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT V
## RESTITUTION/UNJUST ENRICHMENT

76.     Plaintiff pleads this count in the alternative to Count IV Breach of Contract and Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

77.     Defendants have acquired and retained money belonging to the Plaintiff as a result of Defendants wrongful conduct: its false and misleading promises about receiving profits.

78.     Plaintiff had a reasonable expectation of being paid by Defendants for the restaurant's monthly profits.

79.     From June 2018 to August 2019, Plaintiff complained to Garcia many times that he did not receive his monthly profits but was ignored.

80.     Every time that Plaintiff asked Mr. Garcia and Defendants to review the Geneva restaurant's financials, he was denied the opportunity to do so.

81.     Under the principles of equity, Defendants should be prohibited from keeping the money belonging to Plaintiff because Defendants have unjustly received it as a result of its unlawful actions described herein.

82.     Plaintiff has suffered damages as a direct result of the Defendants' conduct.

83.     Plaintiff seeks restitution for the Defendants' unlawful conduct, as well as interest and attorneys' fees and costs.

WHEREFORE, Plaintiff requests the following relief:

A.     A judgment to Plaintiff in the amount of $10,000, plus unpaid profits to be proven at trial and interest;

B.     A judgment to Plaintiff of reasonable attorneys' fees and costs incurred in filing this action; and

C.     Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**PROMISSORY ESTOPPEL**

84.     Plaintiff repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

85.     On or around February 2017, Mr. Garcia promised Plaintiff monthly profits if Plaintiff invested $10,000 in the Geneva Taco Madre restaurant.

86.     Plaintiff relied on the Defendants' promise and on November 20, 2017, he gave Mr. Garcia $10,000.

87.     Plaintiff only received profits in April 2018 and May 2018.

88.     From Mr. Garcia's statements, Plaintiff expected to receive monthly profits every month.

89.     Plaintiff complained to Mr. Garcia about not continuing to receive his monthly share of profits.

90.     In providing the Defendants $10,000, Plaintiff reasonably relied upon the Defendants' promises to his significant detriment.

WHEREFORE, Plaintiff requests the following relief:

A.     A judgment to Plaintiff against Defendants for compensatory damages, in an amount to be determined at trial and interest;

B.     A judgment to Plaintiff of reasonable attorneys' fees and costs incurred in filing this action; and

C.     Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: November 27, 2019                              Respectfully Submitted,

                                                      By: /s/ Thalia Pacheco
                                                      One of the Attorneys for the Plaintiff

Kimberly Hilton
John Kunze
Thalia Pacheco
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590
admin@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com
tpacheco@fishlawfirm.com